## McGehee's Estate.

*Executors and administrators—Decedents' estates—Administration d. b. n. —Amendment—Jurisdiction of Register of Wills.*

1. Where an administrator dies without ever having been discharged, and there is no record of any vacancy in the administration in the register's office, the register has no jurisdiction to grant letters of administration *d. b. n.* under a petition which does not allege or show any vacancy in the office of administrator.

2. He may, however, permit such a petition to be amended, and upon proof of the existence of a vacancy in the office at the time of the presentation of the petition, he may grant letters *d. b. n.* He has no authority, however, to issue the amended letters *nunc pro tunc.*

Appeal from grant of letters of administration *d. b. n.* O. C. Fulton Co.

*Charles Walter,* for appellants; *John P. Sipes,* for appellee.

McPHERSON, P. J., Sept. 14, 1923.—Laura McGehee died prior to Oct. 18, 1905, on which date letters of administration upon her estate were granted to Charles McGehee, who filed his account, which was confirmed on Oct. 7, 1907,

and subsequently died on Oct. 8, 1921. On Nov. 21, 1922, Roy F. McGehee presented his petition to the Register of Wills of Fulton County for original letters on Laura McGehee's estate, without alleging any vacancy in its administration or offering any proof thereof. On Dec. 22, 1922, the other persons interested in the estate of said decedent as next of kin and heirs-at-law presented a petition to the register, praying for a citation to Roy F. McGehee to show cause why these letters should not be vacated for the defect above noted. On Dec. 29, 1922, answer was filed admitting the record facts, but alleging that on Nov. 21, 1922, the register had proof of the vacancy in the administration.

On Jan. 8, 1923, Roy F. McGehee filed a petition in the register's office, praying that he be allowed to amend his petition for letters filed Nov. 21, 1922, and set forth therein the death of Charles McGehee, the former administrator of Laura McGehee. Citation to show cause was awarded, and on Jan. 12, 1923, answer was filed, in which the right of the register to correct the proceedings by allowing the amendment was denied as a matter of law. The register on Jan. 22, 1923, discharged the original citation, allowed the amendment as prayed for, supplying the lack of proof of vacancy in administration as of Nov. 21, 1922, and on Jan. 25, 1923, entered an order amending the letters of administration to letters of administration d. b. n. as of Nov. 21, 1922.

An appeal was taken to the Orphans' Court, and the action of the register is here for review.

The Fiduciaries Act of June 7, 1917, § 3 (c), provides: "In all cases where the administration of the estate of any decedent shall become vacant by reason of the death, or of any decree of the Orphans' Court, or from any other cause, the register having jurisdiction shall, on proper proof being made to the fact, grant new letters, in such form as the case shall require, to the person or persons by law entitled thereto."

Under the admitted facts and the record in the estate, the register had no power to grant original letters of administration, as those had been granted long before and never revoked nor the administrator discharged. Nor did he have jurisdiction to grant letters d. b. n. under the original petition, as it contained no allegation of the vacancy, nor was any proof thereof presented, and there was no record of any such vacancy in the estate in the register's office of which the register could have taken notice.

Under these circumstances, we are of the opinion that the register had the right to entertain a petition to amend the original petition, and upon proof before him of the existence of the fact that a vacancy in the office of administrator existed at the time of the presentation of the original petition, to make an order amending the letters granted from original letters to letters d. b. n.

We are not convinced that the register had authority or power to issue the amended letters *nunc pro tunc*, as lack of proof in the original petition of the existence of any vacancy was a jurisdictional defect and the grant wrong in law, which could not be remedied as of that time by an order entered *nunc pro tunc*.

And now, Sept. 14, 1923, the register is directed to issue to Roy F. McGehee letters of administration d. b. n. in the estate of Laura McGehee, deceased, as of Jan. 25, 1923.